



FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR 1 5 2018

James N. Hatten, Clerk
By:
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUN YING | Criminal Action No.<br><br>1:18-cr-00074 |

**ORDER**

WHEREAS the discovery materials provided and otherwise made available to Defendant by the United States in this case are voluminous, and contain sensitive information pertaining to individuals who are not parties to the litigation; and

WHEREAS redaction of all potential sensitive information in this voluminous production would be unduly burdensome, and would be subject to error given the volume of documentation involved in this production;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. Except as provided below, any and all materials and information provided by the United States to the Defendants (hereinafter referred to in this order as "discovery") are to be used by the Defendants and their counsel solely for the purpose of allowing the Defendants to prepare their defense, and that neither the Defendants, defense counsel, nor members of the defense team will disseminate, disclose, or provide discovery materials containing the sensitive information identified herein to anyone who is not necessary to the preparation of the

defense. The only discovery not covered by this order are information and documents provided by the Defendant personally, through his counsel, to the United States during the course of its investigation.

2. All discovery materials provided by the United States, regardless of whether such materials and information have already been produced or will be produced in the future, and regardless of whether such materials and information have or will be produced pursuant to Rule 16 or otherwise, shall not be further disseminated by the Defendants or their counsel to any individual, organization, or other entity, other than: (1) members of the defense team, i.e., co-counsel, paralegals, investigators, litigation support personnel, and secretarial staff; (2) any experts or consultants retained to assist in the preparation of the defense; (3) counsel for co-defendants; (4) the Court, unless the sensitive information identified herein is redacted from such materials and information. Upon any dissemination of the materials and information containing the sensitive information identified herein to anyone other than the Court, defense counsel will inform the recipient of this Protective Order and the requirement to maintain the confidentiality of the information conveyed.

3. Defense counsel, any co-counsel, and any investigators may display copies of any discovery containing the sensitive information identified herein to non-expert witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case, and may do so without any notice to the United States. Defense counsel may also provide copies of discovery documents to witnesses so long as the witnesses agree that they will not disseminate the

documents, and so long as defense counsel retrieves all copies of the documents from the witness subsequent to meeting with them.

4. If Defendants' counsel desires to disclose any discovery or make available or communicate the content of such discovery containing the sensitive information identified herein to any other person not described in this Order, Government's counsel must first be so advised and seek to reach an informal resolution of or agreement on the matter. If an agreement cannot be reached, Defendants' counsel shall apply to the Court for relief from this Order.

5. This ORDER solely governs Defendants' and defense team's use of documents produced in this action from the United States. This ORDER does not limit Defendants' and defense team's use of documents that they might already possess prior to receiving discovery, or might obtain through other means.

6. This ORDER shall survive the final termination of this action, and that upon termination of this action and, upon the termination of any appeal, counsel for that Defendant shall return all copies of the discovery to the Government, or shall certify that said documents have been destroyed. To the extent such discovery material is inaccessible or its return or destruction presents an undue burden or expense, or violates any canons of ethics or codes of professional responsibility, then the Defendant and the defense team shall continue to keep such material confidential and shall not disclose it. The complete return or destruction of discovery material that resides in electronic form in computers, servers, or on back-up tapes presumptively presents an undue burden or expense.

Case 1:18-cr-00074-AT-RGV   Document 10   Filed 03/15/18   Page 4 of 4

SO ORDERED THIS 15 th day of MARCH 2018.

*[signature]*

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

Prepared by
Christopher J. Huber, Assistant United States Attorney
(404) 581-6292